# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GRACIELA AMAYA,
        Plaintiff,

    v.                                  Case No. 04C0913

DARCY E MCMANUS, REBECCA J SMITH,
LIANE BARANEK, BONNIE PROBELSKI,
GARY E ROSENTHAL, JOSEPH D MCCORMACK,
TOM R WOLFGRAM, SANDY A WILLIAMS,
ADAM Y GEROL, JEFFREY A SISLEY,
JAMES A HANLEY, KATHLEEN B HANLEY,
JAMES D HANLEY, JEAN M ANSAY,
MICHAEL S HAGGENJOS, JANET TUROWSKI,
REBECCA HIEN, MILTON MROZAK,
OFFICER JOHNSON, ANDREW J FISCHER,
OFFICER KLUG, GARY E. ROSENTHAL LAW FIRM,
JAMES A HANLEY LAW FIRM,
RUNKEL ANSAY & HAGGENJOS INC,
DEZIGNED 4 KIDZ DAYCARE,
MEQUON POLICE DEPARTMENT, CITY OF MEQUON,
RIVER HILLS POLICE DEPARTMENT, VILLAGE
OF RIVER HILLS, FOX POINT POLICE DEPARTMENT, CITY
OF FOX POINT, OZAUKEE COUNTY, DANIEL LUND, and
ANSAY O'NEILL,
        Defendants.

## DECISION AND ORDER

Pro se plaintiff Graciela Amaya brings this action pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986 against over thirty defendants alleging a violation of numerous constitutional rights. She also alleges a number of state law claims. Plaintiff attempts to assert her children's claims as well as her own. In a previous case, both Judge Clevert and the Seventh Circuit Court of Appeals advised plaintiff that as a guardian of her minor children she may sue on their behalf, however, she may not do so without counsel. Amaya

v. Pitner, No. 03-CV-1277 (E.D. Wis. July 27, 2004), aff'd, No. 04-2510, 04-2603, 2005 WL 773967 (7th Cir. Mar. 30, 2005) (citing Navin v. Park Ridge Sch. Dist. 64, 270 F.3d 1147, 1149 (7th Cir. 2001)). Therefore, I will dismiss such claims. In eight separate motions, defendants now move to dismiss the remaining claims.

Turning to plaintiff's claims, the facts are as follows: On February 3, 2003, plaintiff commenced a paternity/child support suit against James Hanley in Ozaukee County Circuit Court. After ordering Hanley to make child support payments for Ryan Hanley, on October 9, 2003, the commissioner issued a temporary order terminating such obligations and transferring custody of Ryan to him. Plaintiff failed to comply with the order and was found in contempt of court. Subsequently, plaintiff refused to transfer custody of Ryan to Hanley and was charged with the felony of interfering with child custody. Pursuant to a plea bargain, plaintiff was later convicted of a misdemeanor. On January 14, 2004, the family court commissioner permanently transferred custody of Ryan to Hanley and ordered that plaintiff not have any contact with Ryan until further order of the court. (Pl.'s Ex. M.)

Plaintiff was arrested and charged with the unlawful entry into a home from which she had been evicted. When she was arrested, Milwaukee County Child Protective Services took her three older children into its custody. She has been reunited with her three older children. Additional facts will be stated in the course of the decision.

## I. DISCUSSION

**A.     Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. GE Capital Corp. v. Lease Resolution

Corp., 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal of an action under such a motion is warranted only if it is clear that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts; it is that even assuming all of her facts are accurate, she has no legal claim. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). In ruling on such a motion, a court must assume that all of the facts alleged in the complaint are true and draw all reasonable inferences from those facts in the light most favorable to the plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990). "The consideration of a 12(b)(6) motion is restricted solely to the pleadings, which consist generally of the complaint, any exhibits attached thereto, and supporting briefs." Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002).

**B.   Summary of Plaintiff's Claims and Defendants' Responses**

Plaintiff sets forth a variety of state law and constitutional claims. The gravamen of the complaint is that defendants conspired to "create and enforce facially void judgments . . . in the absence of personal and/or subject matter jurisdiction to deprive Graciela Amaya of her rights in violation of the Wisconsin and U.S. Constitutions and equal protection under those laws." (Am. Compl. at 1.) Plaintiff requests that I "vacate these judgments and order a writ for the immediate return of her son, home, and other rights." (Id. at 15.)

With respect to the constitutional claims, plaintiff sets forth claims arising primarily out of three transactions: (1) the paternity/child support suit against James Hanley in Ozaukee County Circuit Court; (2) plaintiff's eviction; and (3) plaintiff's conviction for interference with child custody. Defendants argue that I lack jurisdiction to consider any

3

of plaintiff's claims and that plaintiff has failed to state claims upon which relief may be granted. I will consider my jurisdiction over plaintiff's claims with respect to each transaction. To the extent I have jurisdiction, I will then consider whether plaintiff has stated a claim upon which relief may be granted. Finally, I will consider plaintiff's state law claims.

## C. Subject Matter Jurisdiction

### 1. Rooker-Feldman and Heck Doctrines

The Rooker-Feldman doctrine deprives a lower federal court of jurisdiction to review a state court decision. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); see also Lewis v. Anderson, 308 F.3d 768, 771-72 (7th Cir. 2002). To determine whether the Rooker-Feldman doctrine is applicable, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the injury alleged resulted from the state court judgment itself, Rooker-Feldman directs that the lower federal courts lack jurisdiction." Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir. 1996); see also Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1521-22 (2005).

Similarly, "if the federal injury is 'inextricably intertwined' with the state court judgment, Rooker-Feldman bars the federal action." Crestview Vill. Apartments v. United States Dep't of Housing and Urban Dev., 383 F.3d 552, 556 (7th Cir. 2004). The crucial point in determining whether a federal injury is "inextricably intertwined" with a state court judgment is whether "the district court is in essence being called upon to review the state-

4

court decision." Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993); see also GASH Assocs. v. Vill. of Rosemont, 995 F.2d 726, 727 (7th Cir. 1993) (stating that the doctrine bars federal suit by a plaintiff who "objects to the outcome of a judicial proceeding and files a separate suit to get around it"). The doctrine bars review even if I am convinced that the state court's decision was unconstitutional or otherwise contrary to law. Rizzo v. Sheahan, 266 F.3d 705, 713 (7th Cir. 2001).

Additionally, a federal court lacks subject matter jurisdiction to consider a § 1983 suit for damages relating to a criminal conviction that is "premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of the conviction or sentence." Wiley v. City of Chicago, 361 F.3d 994, 996 (7th Cir. 2004) (citing Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)). Thus, if "success in a civil suit necessarily implies the invalidity of a conviction or sentence, Heck requires the potential plaintiff to wait until his conviction is nullified before bringing suit." Id. (citing Heck, 512 U.S. at 486-87).

### 2. Plaintiff's Paternity/Child Support Suit Against Hanley

With respect to the paternity/child support action against Hanley, plaintiff alleges that the family court commissioner violated plaintiff's constitutional rights by incorrectly determining the amount of child support Hanley owed her. (Am. Compl. at 12, 15, 23 (alleging that the order awarding child support was entered without jurisdiction and denied her "equal protection of the laws [and] . . ., due process . . . ")). Plaintiff also alleges that the family court commissioner violated her constitutional rights by transferring custody of Ryan to Hanley. She alleges that the orders transferring custody violate "equal protection of the laws for property/liberty/liberty of familial association/civil rights, due process and/or

5

takings clause, unreasonable search and seizure, double jeopardy and freedom from selective prosecution." (Id. at 15.) She also complains that the family court lacked personal and subject matter jurisdiction to enter the orders and, thus, the orders are invalid.

Additionally, in connection with the paternity proceedings, plaintiff was found in contempt of court for failing to comply with the orders transferring custody of Ryan to Hanley, and the court issued a warrant for her arrest. (Id. at 16.) Plaintiff claims that her Fourth Amendment rights were violated when she was arrested and imprisoned pursuant to this warrant because the family court did not have jurisdiction to issue the warrant. Additionally, she alleges that her constitutional rights were violated when, at the time of her arrest, the police delivered Ryan to Hanley pursuant to court order. She claims that "[t]he family court did not have the jurisdiction to adjudicate as it did, absent notice/summons/service of process." (Id. at 9.) She also alleges that defendants conspired to deny her constitutional rights in the paternity action. (Am. Compl. at 22.)

It is clear from the complaint that plaintiff would like me to reverse the state court orders setting the amount of child support and awarding the custody of Ryan to Hanley. I lack jurisdiction to do so pursuant to the Rooker-Feldman doctrine because plaintiff's injuries–the loss of child support due her and the loss of custody of her child–directly resulted from the state court judgment entered prior to her commencement of this action. See Garry, 82 F.3d at 1365 (stating that the Rooker-Feldman doctrine is applicable if "the injury alleged resulted from the state court judgment"). The fact that plaintiff believes the orders violated her constitutional rights does not alter this conclusion. It is well settled that "a plaintiff may not seek reversal of a state court judgment simply by casting his complaint

6

in the form of a civil rights action." Ritter, 992 F.2d at 754. Thus, under Rooker-Feldman, I have no jurisdiction to consider plaintiff's constitutional claims relating to these orders.

Further, plaintiff's claims that defendants violated her constitutional rights when she was arrested and Ryan was delivered to Hanley are based on the argument that the Ozaukee County Circuit Court lacked jurisdiction over the paternity action. Considering these claims would require me to review the state court's implicit determination that it had jurisdiction over the paternity suit. Thus, these claims are inextricably intertwined with the state court's determination that it had jurisdiction over the paternity suit, and I have no jurisdiction to consider them. Ritter, 992 F.2d at 754 (stating that a federal claim is inextricably intertwined with a state court judgment when "the district court is in essence being called upon to review the state-court decision").

Finally, plaintiff's claim that defendants engaged in a vast conspiracy to deny her constitutional rights in the paternity action is also inextricably intertwined with the state court's judgments because plaintiff is essentially seeking review of the state's court jurisdiction over the paternity suit and review of the orders entered in the suit. See, e.g., Wright v. Tackett, 39 F.3d 155, 157 (7th Cir. 1994) (finding that Rooker-Feldman prohibited § 1983, § 1985, and § 1986 action alleging conspiracy to violate plaintiff's civil rights by initiating a foreclosure proceeding, as plaintiff essentially sought review of "state court's denial of his requests to intervene in the foreclosure actions"); see also Crestview Vill. Apartments, 383 F.3d at 556-57 (finding that Rooker-Feldman doctrine barred claims that defendants conspired to bring unsubstantiated lawsuits). Thus, I have no jurisdiction to consider the conspiracy claim.

7

### 3. Plaintiff's Eviction From Her Home

Plaintiff was evicted from her home as a result of a 2002 state foreclosure judgment. Plaintiff alleges that defendants denied her due process and equal protection rights by evicting her from her home because the court had no jurisdiction to enter the state foreclosure judgment. (Am. Compl. at 8.) She also alleges that the eviction violated her Fourth Amendment right to be free from unreasonable search and seizure because "the eviction lacked notice and an opportunity to defend." (Id.)

Additionally, plaintiff was arrested on two separate occasions for attempting to return to her property. She alleges that, because the foreclosure and eviction were invalid, defendants violated her constitutional rights by pursuing criminal trespassing charges against her. She also claims that defendants violated her Fourth Amendment rights when she was arrested without a warrant for entering the property that she was evicted from. Finally, she alleges that defendants conspired against her to deny her constitutional rights in connection with the eviction and related arrests.

Plaintiff cannot prevail on her claims that the foreclosure and eviction violated her equal protection, due process, and Fourth Amendment rights unless I conclude that the foreclosure and eviction were invalid. Thus, I have no jurisdiction to consider these claims pursuant to the Rooker-Feldman doctrine. See GASH Assocs., 995 F.2d at 727 (stating that the Rooker-Feldman doctrine bars a federal suit by a plaintiff who "objects to the outcome of a judicial proceeding and files a separate suit to get around it").[1] Moreover,

---

[1] Moreover, plaintiff should already be aware that these claims are barred by the Rooker-Feldman doctrine. The Seventh Circuit Court of Appeals recently ruled on similar claims by plaintiff. See Amaya, 2005 WL 773967, at *2 ("All of Amaya's alleged injuries stem from her eviction, which directly resulted from that [state foreclosure] judgment" and

8

plaintiff's conspiracy claim and the claim that defendants violated plaintiff's constitutional rights by pursuing criminal charges against her are inextricably intertwined with the state court judgment. See Ritter, 992 F.2d at 754 (stating that a federal claim is inextricably intertwined with a state court judgment when "the district court is in essence being called upon to review the state-court decision"). Reviewing these claims would force me to review the validity of the foreclosure and eviction. Thus, I have no jurisdiction to consider these claims.

However, I have jurisdiction to consider plaintiff's claim that defendants violated her Fourth Amendment rights when she was arrested without a warrant and the related conspiracy claim. These claims do not appear to call into question the validity of the state court proceedings.

### 4. Plaintiff's Conviction for Interference with Child Custody

As explained previously, the Ozaukee County Circuit Court awarded custody of Ryan to Hanley. When plaintiff refused to relinquish custody, she was arrested and subsequently convicted of interfering with child custody. Plaintiff alleges that her conviction for interference with child custody is void because the court lacked jurisdiction and that the conviction violated her equal protection and due process rights. Plaintiff also alleges that this conviction violated her rights against double jeopardy because she was imprisoned for five days, pursuant to a contempt of court order, for the same actions that gave rise to the conviction. She also claims that defendants violated her right to be free from selective prosecution. In connection with the criminal proceedings for the interference with child

---

thus, her claims were barred under the Rooker-Feldman doctrine).

custody charge, plaintiff also alleges that defendants violated her Sixth Amendment right to confront witnesses at a pretrial conference[2] and her Eighth Amendment right to be free from excessive bail. Finally, plaintiff also alleges that defendants conspired to deny her constitutional rights relating to her conviction for interference with child custody.

Plaintiff's success on claims that defendants violated her equal protection and due process rights and that she was subject to double jeopardy and selective prosecution would undermine the constitutionality of the conviction. The conspiracy claim based on these charges would also undermine the constitutionality of the conviction. See, e.g., Perez v. Sifel, 57 F.3d 503 (7th Cir. 1995) (stating that Heck bars § 1983 action alleging conspiracy to procure conviction through perjury, falsifying evidence and withholding exculpatory evidence); see also Guerrero v. Gates, 357 F.3d 911, 916-17 (9th Cir. 2004) (applying Heck to bar claims of a conspiracy to arrest plaintiff). Moreover, by her own admission, plaintiff's conviction and sentence have not yet been nullified. Thus, under Heck, I have no jurisdiction to consider these claims.[3]

I have jurisdiction to consider plaintiff's Eighth Amendment claims that defendant charged excessive bail because plaintiff's success on this claim would not undermine the constitutionality of the conviction. Similarly, I have jurisdiction consider the conspiracy

---

[2]This claim is baseless. A criminal defendant is only entitled to confront adverse witnesses at trial. Penn. v. Ritchie, 480 U.S. 39, 51-53 (1987); United States v. Sasson, 62 F.3d 874, 881 (7th Cir. 1995).

[3]To the extent that plaintiff is asking that I overturn this conviction, a § 1983 suit is not the appropriate procedural device.

10

claims to the extent that plaintiff is claiming that defendants engaged in a conspiracy to deny her Eighth Amendment rights.

**D.     Merits**

As explained above, I have jurisdiction to consider two of plaintiff's claims: (1) that defendants violated her Fourth Amendment rights when she was arrested without a warrant; and (2) that defendants violated her Eighth Amendment right to be free from excessive bail. I will consider each claim in turn.

First, plaintiff's Fourth Amendment claim alleging that she was arrested without a warrant fails to state a claim upon which relief may be granted. A warrantless arrest by a law enforcement officer is reasonable and does not violate the Fourth Amendment if the officer has probable cause to believe that an offense has been or is being committed. Devenpeck v. Alford, 125 S. Ct. 588, 593 (2004). In the present case, plaintiff does not allege that the officers lacked probable cause. Nor can she–she admits that she was on property that was no longer hers. Moreover, to the extent that plaintiff brings a conspiracy claim based upon this Fourth Amendment claim, the conspiracy claim also fails because in order to succeed on the conspiracy claim, plaintiff must show a deprivation of a constitutional right. See Indianapolis Minority Contractors Ass'n, Inc. v. Wiley, 187 F.3d 743 (7th Cir. 1999) (finding that the absence of any underlying violation of plaintiff's rights precludes the possibility of success on claim for conspiracy to violate civil rights under § 1985(3)); Rojicek v. Cmty. Consol. Sch. Dist. 15, 888 F. Supp. 878, 886-87 (N.D. Ill. 1995) ("The law is clear that § 1983 does not punish conspiracy. What it does punish is the deprivation of constitutional rights under color of state law . . . It is not enough for a plaintiff

11

merely to prove a conspiracy without proving the deprivation as well.") (internal quotations and citations omitted)).

Second, with respect to plaintiff's allegation that Judge Wolfgram violated her Eighth Amendment rights by imposing excessive bail, plaintiff fails to state a claim upon which relief may be granted. Judicial immunity protects judges from lawsuits for damages unless the suit challenges an action that is not judicial in nature or was made in the complete absence of subject-matter jurisdiction. Mireles v. Waco, 502 U.S. 9 (1991); Homola v. McNamara, 59 F.3d 647, 651 (7th Cir. 1995). The action of which plaintiff complains, setting bail, is judicial in nature and was not done in the complete absence of subject matter jurisdiction. See Homola, 59 F.3d at 651.

Although Judge Wolfgram is entitled to judicially immunity for the Eighth Amendment claim and the related conspiracy charge, this immunity does not extend to the remaining defendants who allegedly conspired with him to violate plaintiff's constitutional right to be free from excessive bail. See Goldschmidt v. Patchett, 686 F.2d 582, 585 (7th Cir. 1982) (stating that "immunity of a [state actor] does not extend to those who conspire with him to violate the civil rights of others."). However, the conspiracy claim fails as well.

As explained above, a Rule 12(b)(6) motion tests the sufficiency of a complaint, not the merits of a case. Under Fed. R. Civ. P. 8(a), a plaintiff must provide only "a short and plaint statement of the claim showing that the pleader is entitled to relief." The purpose of the "short and plaint statement" is to give defendants notice of the claims and the grounds upon which those claims rest. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). A plaintiff is not required to plead facts in order to provide a defendant with notice of the claim. Jackson v. Marion County, 66 F.3d

12

151, 153 (7th Cir. 1995). Although a plaintiff may plead legal conclusions, the complaint must still "provide the defendant with at least minimal notice of the claim." Id.

In pleading a conspiracy, "a plaintiff must identify the parties, the conspiracy's general purpose and its approximate date, so that the defendants have notice of what they are charged with." Walker v. Thompson, 288 F.3d 1005, 1007 (7th Cir. 2002). A plaintiff is not required to plead all of the facts supporting the alleged conspiracy. Id.; see also Hoskins v. Poelstra, 320 F.3d 761, 764 (7th Cir. 2003) (stating that allegations of civil conspiracy cannot be held to a heightened pleading standard). However, if the complaint does "not so much as hint at what role" a defendant played in the conspiracy and what the nature of the defendant's agreement was with the other co-conspirators, I am not required to permit the plaintiff to proceed on the claim. Walker, 288 F.3d at 1007-08 (citing Ryan v. Immaculate Queen Ctr.,188 F.3d 857, 860 (7th Cir. 1999) (finding conspiracy allegation insufficient when "not enough to enable [defendant] to prepare his defense or for district court to determine whether claim is within the ballpark of possibly valid conspiracy claims")); see also Matthews v. Marten Transport, Ltd., No. 04-C-482-C, 2005 U.S. Dist. LEXIS 3663, at *5-6 (W.D. Wis. Mar. 4, 2005) (holding that if the complaint does not hint at what role a defendant played in relation to the act that is allegedly taken in furtherance of the conspiracy, the plaintiff may not pursue the claim). In the present case, the complaint does not "hint at what role" defendants played in the conspiracy to violate plaintiff's Eighth Amendment rights and, therefore, does not give defendants any notice as to the nature of the claims against them. Thus, the complaint fails to satisfy the notice pleading standard with respect to conspiracy to deny plaintiff's constitutional right to be free from excessive bail. Cf. Hoskins v. Poelstra, 320 F.3d 761, 764-65 (7th Cir. 2003) (finding

13

that plaintiff adequately plead a conspiracy when the complaint alleged the general roles of the parties, suggesting that one defendant "set the events in motion" with the purpose of using his "contacts and influence" to acquire property); Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) (finding complaint sufficient when plaintiff identified events, relevant dates and alleged other actions which gave the defendant fair notice of the claims and the grounds upon which they rested). Accordingly, I will dismiss plaintiff's claim that defendants conspired against her to deny her constitutional right to be free from excessive bail.[4]

In summary, I lack subject matter to consider the majority of plaintiff's federal claims. However, with respect to plaintiff's Fourth Amendment claim that she was arrested without a warrant and her claim that Judge Wolfgram imposed excessive bail and the related conspiracy claims, she has failed to state a claim upon which relief may be granted.

Moreover, as described above, I also have no jurisdiction to consider the majority of plaintiff's conspiracy claims and plaintiff has failed to state a claim upon which relief may be granted for the remainder of her conspiracy claims. Thus, I also need not consider plaintiff's § 1986 claim. Grimes v. Smith, 776 F.2d 1359 (7th Cir. 1985) ("Liability under 42 U.S.C. § 1986 . . . is derivative of liability under civil rights statute, 42 U.S.C. § 1985(3), governing conspiracy to deprive persons of rights or privileges; without violation of the latter, there can be no violation of the former.")

---

[4]To the extent that plaintiff is alleging a conspiracy with a broader goal than to deny her Eighth Amendment rights, the complaint is grossly unclear as to the purpose of the conspiracy. Thus, any broader conspiracy claim would also fail. See Walker, 288 F.3d at 1007 (in pleading a conspiracy, plaintiff must identify conspiracy's general purpose).

14

Finally, even if I did not dismiss plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim, I would still dismiss a number of the defendants. For example, several defendants are entitled to immunity. Judge McCormack, Judge Wolfgram, and the family court commissioner Darcy McManus are entitled to judicial immunity. Additionally, the guardian ad litem, Rebecca J. Smith, is entitled to quasi-judicial immunity. See Paige K.B. v. Molepske, 219 Wis. 2d 418 (1998); see also Scheib v. Grant, 22 F.3d 149 (7th Cir. 1994) (holding that "[a]bsent absolute immunity, the specter of litigation would hang over a guardian ad litem's head, thereby inhibiting a guardian ad litem in performing the duties essential to the welfare of the child whom the guardian ad litem represents"). Furthermore, District Attorney Williams and Assistant District Attorneys Gerol and Sisley are protected by prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 422 (1976) (stating that prosecutorial immunity is based upon the "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust").

Moreover, I would also dismiss the Fox Point Police Department, the River Hills Police Department, and the City of Mequon Police Department because these defendants are not suable entities. Fed. R. Civ. P. 17(b) provides that the capacity of an entity "to sue or be sued" is determined by state law. Under Wisconsin state law, the Fox Point Police Department, River Hills Police Department, and City of Mequon Police Department are not entities subject to suit. See Grow v. City of Milwaukee, 84 F. Supp. 2d 990 (E.D. Wis. 2000) (concluding that the City of Milwaukee Police Department was not a proper party

15

Case 2:04-cv-00913-LA    Filed 09/23/05    Page 15 of 17    Document 89

defendant); see also Wis. Stat. § 62.25 (explicitly authorizing a suit to be maintained against a city and lacking any authorization to maintain a suit against a police department).

Furthermore, I would dismiss defendants that are named in the caption, but are not specifically mentioned in the body of the complaint other than to note that "defendant/s" conspired against plaintiff. These defendants include: (1) James A. Hanley Law Office; (2) Edward Johnson; (3) Gary E. Rosenthal; (4) Jean M. Ansay; (5) Michael S. Haggenjos; (6) Gary E. Rosenthal Law Firm; (7) Runkel Ansay & Haggenjos, Inc.; (8) Liane Baranek; and (9) Kathleen B. Hanley. As explained above, if the complaint does "not so much as hint at what role" a defendant played in the conspiracy and what the nature of the defendant's agreement was with the other co-conspirators, I am not required to permit the plaintiff to proceed on the claim. Walker, 288 F.3d at 1007-08; see also Matthews, 2005 U.S. Dist. LEXIS 3663, at * 5-6. Because the complaint does not mention these defendants at all, it does not hint at what role defendants played in the conspiracy. Walker, 288 F.3d at 1007. Therefore, the complaint does not give these defendants any notice as to the nature of the claims against them.

**E.    State Law Claims**

Plaintiff has presented no viable constitutional claim over which I have jurisdiction, and no other independent basis of federal jurisdiction, such as diversity of citizenship, exists. Accordingly, I decline to exercise supplemental jurisdiction over plaintiff's state law claims. See Maguire v. Marquette University, 814 F.2d 1213, 1218 (7th Cir. 1987) (holding that when "the federal claim is dismissed, the district court should relinquish jurisdiction of any pendent state law claim unless there is some independent basis of federal jurisdiction, such as diversity of citizenship").

16

## II. CONCLUSION

For the reasons stated,

**IT IS ORDERED** that defendants' motions to dismiss are **GRANTED** and that plaintiff's claim that her Fourth Amendment rights were violated when she was arrested without a warrant and her claim that her Eighth Amendment rights were violated when she was subject to excessive bail and the related conspiracy claims are **DISMISSED** for failure to state a claim upon which relief may be granted. Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike and motion to stay are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's minor children's claims are **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 23 day of September, 2005.

/s_____
LYNN ADELMAN
District Judge